## Philco Corp. v. Sunstein (No. 3)

*Alonzo R. Horsey*, for plaintiff.

*William F. Fox*, for defendant.

FORREST, P. J., March 21, 1963.—This case comes before us on plaintiff's motions for protective orders.

On March 2, 1962, defendant, Sunstein, filed 50 interrogatories to be answered by plaintiff under Pa. R. C. P. 4005. On May 28, 1962, plaintiff answered most of the interrogatories. However, plaintiff objected

to interrogatories nos. 1 to 4, 8, 17 and 22 to 25, inclusive. On September 18, 1962, the court overruled the objections and ordered plaintiff to answer the interrogatories. On December 14, 1962, plaintiff moved for a protective order that plaintiff's answers to such interrogatories, when served upon counsel for defendants, shall remain in the possession of said counsel and shall be used for no purpose other than preparation of pleadings and preparation or trial of the case. The court, eo die, entered a temporary order accordingly. The question now before us is whether this order should be continued, or whether persons other than counsel for defendants may take possession of the written answers.

The interrogatories relate to: (1-4) The numbers and types of color television sets manufactured by plaintiff, the times when each type was manufactured and list of documents in possession of plaintiff relating to plaintiff's manufacture of color television sets; (8) list of documents in plaintiff's possession relating to plaintiff's research and development of color television sets; (17) list of employes of plaintiff who employed other persons to invent new devices and to improve existing devices; (22-23) names of engineers who made invention or improvements for plaintiff since January 1, 1945, names of these inventions and improvements, salaries of these engineers and dates of increases of such salaries; (24) as to each research engineer employed by plaintiff since January 1, 1945, all fringe benefits, payments under profit sharing plan, invention award payments and annual bonuses; and (25) list of documents in plaintiff's possession which have to do with each evaluation by plaintiff of the capacity of individual defendant and with the capacity of every other engineer employed by plaintiff since January 1, 1945, to produce inventions.

The information sought to be elicited by the said interrogatories is of the most confidential nature. Its public disclosure might cause embarrassment to plaintiff, relations between plaintiff and its employes might be jeopardized, and ultimately cause irreparable harm to plaintiff's business.

The theory of plaintiff's case is that Sunstein converted to his own use the patents or patentable fruits of his research produced during and in the course of his employment as a research scientist. It may be that most, if not all, of the answers to these interrogatories are or will be irrelevant to the issues of the case. Unless the relevancy of these answers, and the necessity for defendants to have possession thereof, is shown hereafter, the original copy of the answers should be impounded by the prothonotary and the possession of copies thereof should be restricted to counsel in this case, and the use thereof should be limited strictly by defendants and by their counsel to the preparation of pleadings and the preparation or trial of this case, which are the limits of the scope of permissible pretrial discovery: Pa. R. C. P. 4007(a) . . .

And now, March 21, 1963, it is ordered that the original copy of plaintiff's answers to interrogatories 1 to 4, 8, 17 and 22 to 25, inclusive, of defendant, David E. Sunstein, shall be impounded by the prothonotary, and that copies thereof, when served upon counsel for defendant, David E. Sunstein, or upon counsel for defendant, General Atronics Corporation, or either of said counsel, shall remain in the possession of said counsel, shall be used for no purposes other than the preparation of pleadings and the preparation or trial of this case, and shall not be duplicated, copied or summarized for purposes other than the preparation of pleadings and the preparation or trial of this case.